## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| ANN PENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Ann Penson ("Plaintiff" or "Ms. Penson") files this Complaint for Equitable Relief and Damages against Target Corporation ("Defendant" or "Target") showing the Court as follows:

### INTRODUCTION

1.      Ms. Penson is a former employee of Target, having worked for Target from September 2006 through February 25, 2025.

2.      Ms. Penson asserts claims for interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

3.      Ms. Penson seeks equitable relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5.     Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Target conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

## THE PARTIES

6.     Ms. Penson is a citizen of the United States and a resident of the State of Georgia.

7.     With respect to the claims in this action, Ms. Penson is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

8.     Ms. Penson had been employed with Target for more than 12 months and worked more than 1250 hours in the 12 months preceding her need for FMLA leave.

9.     Target is a for-profit corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403.

10.     Target is registered to do business in Georgia and conducts business in this District and venue.

11.    Target is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

12.    Target had more than 50 employees within a 75-mile radius of the worksite to which Ms. Penson was assigned, Albany, Georgia, in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

13.    Target is subject to this Court's jurisdiction and may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

<strong><span style="font-variant: small-caps">Statement of Facts</span></strong>

14.    Ms. Penson began her employment with Target in September 2006.

15.    At the time of Ms. Penson's termination by Target, she was employed as a Service and Engagement Team Lead.

16.    During her employment with Target, Ms. Penson was approved to take intermittent FMLA to care for her mentally disabled son.

17.    On or around February 14, 2025, Ms. Penson notified her supervisor, Lorna Martin ("Ms. Martin"), that she would need to take an extended, continuous leave to take care of her son.

18.    Ms. Martin told Ms. Penson that she would need to speak with Target's

3

leave and disability team.

19.    Ms. Penson repeated her request to Marcus Dennis ("Mr. Dennis") in Human Resources and began the process of applying for continuous FMLA leave.

20.    Ms. Penson was approved for continuous FMLA leave to begin on February 25, 2025, and intended to end on March 27, 2025.

21.    On February 25, 2025, Mr. Dennis called Ms. Penson into his office to meet with Steve (LNU) in Asset Protection.

22.    Mr. Dennis and Steve began questioning Ms. Penson about her coffee consumption at the Starbucks inside Target.

23.    Ms. Penson answered honestly that she had consumed espresso from the Starbucks inside Target.

24.    Many other employees also consumed espresso beverages and/or food from the Starbucks inside Target and did not pay for their beverages and/or food.

25.    Four days later, on February 29, 2025, Mr. Dennis called and terminated Ms. Penson's employment.

26.    No other employee was terminated for their unauthorized use of the Starbucks inside Target.

27.    As such, Target's termination of Ms. Penson's employment was pretext for interference and retaliation under the FMLA.

## COUNT I
## <u>Interference with FMLA Rights</u>

28.     Ms. Penson incorporates by reference all the preceding paragraphs of the Complaint.

29.     At all times relevant to this action, Ms. Penson was an eligible employee with a serious health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

30.     Also, at all times relevant to this action, Ms. Penson was an eligible employee whose son suffered from a serious health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

31.     Defendant Target was aware of Ms. Penson's son's serious health conditions.

32.     Target was aware that Ms. Penson needed continuous leave to care for her seriously ill son.

33.     Target's inference with Ms. Penson's federal right to FMLA leave was committed with reckless disregard for her right to take up to 12 work weeks of leave on a continuous basis to care for her son's serious health condition in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

34.     As a result, Ms. Penson is entitled to both equitable and monetary relief

for the Target's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

35.    Ms. Penson is also entitled to liquidated damages for the Target's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## Retaliation in Violation of the FMLA

36.    Ms. Penson incorporates by reference all the preceding paragraphs of the Complaint.

37.    At all times relevant to this action, Ms. Penson was an eligible employee with a serious health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

38.    Also, at all times relevant to this action, Ms. Penson was an eligible employee whose son suffered from a serious health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

39.    Defendant Target was aware of Ms. Penson's son's serious health condition.

40.    Target was aware that Ms. Penson needed continuous FMLA leave to care for her seriously ill son.

6

41.     Target terminated Ms. Penson in retaliation for Ms. Penson's protected activity in violation of the FMLA.

42.     Target willfully violated the FMLA when it terminated Ms. Penson's employment because of her use of medical leave.

43.     Target's retaliation against Ms. Penson for her protected activity was committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of his rights under the FMLA, 29 U.S.C. § 2615(a)(2).

44.     As a result, Ms. Penson is entitled to both equitable and monetary relief for the Target's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorney's fees and costs of litigation.

45.     Ms. Penson is also entitled to liquidated damages for the Target's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## **PRAYER FOR RELIEF**

Wherefore Plaintiff Ann Penson demands a TRIAL BY JURY and that the following relief be granted:

(a)     Grant to Ms. Penson judgment in her favor and against Target under all counts of this Complaint;

(b)     Order Defendant Target to make Ms. Penson whole by providing for

her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Target's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c)    Order Target to reinstate Ms. Penson or, in the alternative, award her front pay;

(d)    Order Target to pay liquidated damages for its willful violations of the FMLA;

(e)    Grant to Ms. Penson a jury trial on all issues so triable;

(f)    Grant to Ms. Penson her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(g)    Grant to Ms. Penson such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 20th day of August 2025.

LEGARE, ATTWOOD & RAGAN, LLC

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com
Marissa R. Torgerson
Georgia Bar No. 848356

8

mrtorgerson@law-llc.com
*Pro Hac Vice Application
to be Filed.*

125 Clairemont Ave, Suite 515
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff